UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GINA SIMMONS,

Plaintiff,

v.

PROPERTY RECEIVABLES, CORP.,

Defendant.

Case No. 1:26-cv-04046-EPG

ORDER SETTING DEADLINE FOR MOTION FOR DEFAULT JUDGMENT

(ECF Nos. 9, 10)

Plaintiff Gina Simmons filed this proposed class action on May 27, 2026, alleging Defendant Property Receivables, Corp. placed more than one call using a prerecorded voice message to Plaintiff's cellular phone, in an alleged violation of the TCPA. (ECF No. 1).

Plaintiff has since sought and obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a) against Defendant. (ECF Nos. 9, 10) Given the Clerk's entry of default, the Court will set a deadline for Plaintiff to move for default judgment under Rule 55(b)(2).[1] Additionally, the Court advises Plaintiff of the following basic requirements for a motion for default judgment.[2]

The motion must establish proper service on Defendant and the Court's jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus.*

[1] Alternatively, if Plaintiff believes a default judgment by the Clerk is appropriate under Rule 55(b)(1), Plaintiff may file such a request.

[2] This order does not purport to advise Plaintiff of all applicable requirements.

*Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void because of lack of personal jurisdiction due to insufficient service of process."). Plaintiff must identify which service provisions govern and specify how all were satisfied. Further, the Court notes that the proof of service states that service upon Defendant, a business entity, was accomplished via a "Jane Doe." (ECF No. 5). Plaintiff must explain how this was proper service.

The motion must address the relevant factors regarding default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (noting seven factors that courts may consider before exercising discretion to enter default judgment). Here, the complaint alleges whether or not Defendant violated the TCPA when it allegedly made more than one prerecorded call to Plaintiff. Plaintiff must address the merits of these claims.

Further, the motion must support any request for attorney fees, costs, and prejudgment interest. *See In re Ferrell*, 539 F.3d 1186, 1192 (9th Cir. 2008) (noting party seeking attorney fees and costs must specify basis for such award); *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) ("Whether prejudgment interest is permitted in a particular case is a matter of statutory interpretation, federal common law, and, in some instances, state law."); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Here, Plaintiff must identify the recovery sought under the complaint, specify the authority that supports it, and explain how any monetary amount sought is justified.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall have until September 30 2026, to move for default judgment against Defendant.

IT IS SO ORDERED.

Dated: **August 31, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE